Ryan Lee (SBN: 024846)
Krohn & Moss, Ltd.
1112 Ocean Drive, Third Floor
Manhattan Beach, CA 90266
Tel: 323-988-2400 x241
Fax: 866-861-1390
rlee@consumerlawcenter.com
Attorney for Plaintiffs,
LINSEY NELSON & BARBARA NELSON

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| LINSEY NELSON & BARBARA NELSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> NAVIENT SOLUTIONS, INC. ) <br> f/k/a Sallie Mae, ) <br> ) <br> Defendant. ) | Case No.: <br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** <br><br> **(Unlawful Debt Collection Practices)** |

LINSEY NELSON & BARBARA NELSON (Plaintiffs), through attorneys, alleges the following against NAVIENT SOLUTIONS INC. f/k/a Sallie Mae (Defendant):

**INTRODUCTION**

1. Count I of Plaintiffs' Complaint alleges that Defendant negligently, knowingly and/or willfully violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (TCPA).

**JURISDICTION AND VENUE**

2. Jurisdiction of this court arises pursuant to 28 U.S.C. 1331.

3. Because Plaintiffs reside in and Defendant does business within the State of Arizona, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

5. Plaintiff Linsey Nelson is a natural person who resides in Phoenix, Arizona.

6. Plaintiff Barbara Nelson is a natural person who resides in Bountiful, Utah.

7. Defendant is a business entity with an office located at 2001 Edmund Halley Dr., Reston, Virginia 20190.

8. Plaintiffs are informed and believe, and thereon allege, that Defendant is a corporation located in Delaware.

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff Barbara Nelson co-signed on a loan with Defendant for her daughter Plaintiff Linsey Nelson.

11. Defendant places collection calls to Plaintiffs seeking and attempting to collect on an alleged debt.

12. Defendant places collection calls to both (801) 809-80xx, Linsey's cellular telephone and (801) 694-46xx, Barbara's cellular telephone.

13. Per its prior business practices, Defendant's calls were placed with an automated dialing system ("auto-dialer").

14. These calls were for non-emergency purposes.

15. On or around June 19, 2015, at approximately 6:39 p.m., Plaintiff Linsey Nelson spoke with Defendant's representative "Frank" and requested that Defendant cease placing calls to her cellular phone.

16. On or around June 19, 2015, at approximately 6:01 p.m., Plaintiff Barbara Nelson spoke with Defendant's representative "Grace" and requested that Defendant cease placing calls to her cellular telephone.

17. On or around October 28, 2015, at approximately 6:49 am, Plaintiff Linsey Nelson spoke to "Kacey Dobbs" and again requested that Defendant cease placing calls to her cellular phone.

18. On or around October 29, 2015, approximately 6:55 pm, Plaintiff Barbara Nelson spoke to "Stephen Bonner" and again requested that Defendant cease placing calls to her cellular phone.

19. Both Plaintiffs revoked any consent, express, implied, or otherwise, to receive automated collection calls from Defendant.

20. Since June 19, 2015, Defendant used a dialer to call Plaintiff Linsey's cell phone at least six hundred nineteen (619) times without consent to do so.

21. Since June 19, 2015, Defendant used a dialer to call Plaintiff Barbara's cell phone at least seven hundred eighty four (784) times without consent to do so.

22. Defendant called Plaintiffs multiple times in a single day.

23. On multiple occasions, Defendant called Plaintiff Linsey up to five (5) times in a single day.

24. Defendant willfully and voluntarily used a dialer to place these calls.

25. Defendant intended to use a dialer to place these calls.

26. Defendant had neither Linsey's nor Barbara's prior express consent to use a dialer to place these calls.

## COUNT I

**DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

27. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiffs to an award of $500.00 in statutory damages for each and every

violation pursuant to 47 U.S.C. § 227(b)(3)(B).

28. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiffs to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiffs respectfully prays that judgment be entered against the Defendant for the following:

29. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

30. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

31. All court costs, witness fees and other fees incurred; and

32. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED:  January 20, 2016        KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

**DEMAND FOR JURY TRIAL**

Plaintiffs, LINSEY NELSON & BARBARA NELSON, demand a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: January 20, 2016             KROHN & MOSS, LTD.


By: /s/ Ryan Lee

Ryan Lee
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF ARIZONA

Plaintiff, LINSEY NELSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, LINSEY NELSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: January 20, 2016                                    _____
                                                                                    LINSEY NELSON

PLAINTIFF'S COMPLAINT

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF UTAH

Plaintiff, BARBARA NELSON, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, BARBARA NELSON, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 01-20-2016                        _Barbara Nelson_
                                         BARBARA NELSON